UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AURA MARIA VARGAS LEZAMA,<br><br>Petitioner,<br><br>v.<br><br>DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>Respondents. | No. 1:26-cv-01640-DC-CSK (HC)<br><br>ORDER DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER<br><br>(Doc. No. 3) |

This matter is before the court on Petitioner Aura Maria Vargas Lezama's motion for a temporary restraining order (Doc. No. 3), filed along with her petition for writ of habeas corpus brought under 28 U.S.C. § 2241, challenging her re-detention by U.S. immigration authorities. (Doc. No. 1.) For the reasons explained below, the court will deny Petitioner's motion for a temporary restraining order.

**BACKGROUND**

**A.      Factual Background**

Petitioner Aura Maria Vargas Lezama is a native of Nicaragua. (Doc. No. 1 at 1.) Petitioner entered the United States on December 3, 2022. (*Id.*; Doc. No. 16-1 at 1.) Petitioner was detained by U.S. immigration authorities before being released on her own recognizance on March 8, 2023. (Doc. No. 16-2.)

On April 17, 2024, Petitioner was involved in a fatal car crash in Lodi, California. (Doc.

1

No. 16-3.) In connection with that incident, Petitioner was arrested by local law enforcement and charged with vehicular manslaughter with gross negligence, in violation of California Penal Code § 192(c)(1), and driving without a license, in violation of California Vehicle Code § 12500(A). (Doc. No. 16-5 at 3.)

On October 7, 2025, an administrative arrest warrant was issued for Petitioner. (Doc. No. 16-4 at 1.) On October 8, 2025, Enforcement and Removal Operations ("ERO") officers detained Petitioner at the San Joaquin County courthouse, where Petitioner had a hearing in her pending criminal case. (Doc. Nos. 1 at 2; 16-5 at 2.) Petitioner was transferred to Immigration and Customs Enforcement ("ICE") custody and is currently detained at the California City Corrections Center. (Doc. No. 1 at 2.)

On March 3, 2026, Petitioner was provided with a bond hearing before an immigration judge. (Doc. No. 16-7 at 1–2.) The immigration judge ruled that she did not have jurisdiction to consider bond pursuant to the decision by the Board of Immigration Appeals ("BIA") in *Matter of Q. Li*, 29 I. & N. 66 (BIA 2025). (*Id.*) The immigration judge ruled that in the alternative, Petitioner had not established she was not a danger to community, citing her pending vehicular manslaughter charge and the fact that the traffic collision report indicated Petitioner was responsible for the fatal car crash. (*Id.*)

**B.    Procedural Background**

On February 17, 2026, proceeding *pro se*, Petitioner filed a habeas petition asserting claims against Respondents Department of Homeland Security, ICE, and the Warden of California City Corrections Center, alleging: (1) warrantless arrest in violation of the Fourth Amendment; (2) denial of Petitioner's right to attend her court proceedings in violation of the Fifth Amendment; (3) prolonged and arbitrary immigration detention; (4) failure to provide an individualized bond hearing; and (4) excessive force and inhumane conditions of confinement.[1]

---

[1] Petitioner filed her petition in the United States District Court for the Central District of California. On February 25, 2025, a magistrate judge in the Central District of California issued an order transferring this case from the Central District of California to this court, the Eastern District of California, where jurisdiction is proper given that Petitioner is in custody in this district. (Doc. No. 11 at 2.)

(Doc. No. 1 at 1–3.) On that same day, Petitioner filed an "emergency motion for immediate release," which the court construes as a motion for a temporary restraining order. (Doc. No. 3.) In that motion, Petitioner seeks immediate release from immigration detention, or in the alternative, an individualized bond hearing. (*Id.* at 2.) On March 4, 2026, Respondents filed an opposition to Petitioner's motion for a temporary restraining order and an answer to Petitioner's petition for a writ of habeas corpus.[2] (Doc. No. 16.)

**LEGAL STANDARD**

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (citation omitted). The standard governing the issuing of a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain either form of injunctive relief, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter*, 555 U.S. 7, 20 (2008). The likelihood of success on the merits is the most important *Winter* factor. *Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017).

A party seeking injunctive relief must make a showing on all four prongs of the *Winter* factors to obtain injunctive relief. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011); *see Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) ("A preliminary injunction

---

[2] Respondents also request the court take judicial notice of the exhibits attached to Respondent's opposition, which includes Petitioner's immigration record and the traffic collision report from the April 17, 2024, fatal car crash that Petitioner was involved in. (Doc. Nos. 16-1–16-7.) Petitioner did not file an opposition to this request. The court will take judicial notice of Petitioner's immigration records and the traffic collision report attached as exhibits to Respondent's opposition. *See Dent v. Holder*, 627 F.3d 365, 371 (9th Cir. 2010) (taking judicial notice of documents in a noncitizen's A-file); *Black v. City of Blythe*, 562 F. Supp. 3d 820, 828 (C.D. Cal. 2022) (taking judicial notice of a police department's supplemental incident report).

is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'") (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). A district court may consider "the parties' pleadings, declarations, affidavits, and exhibits submitted in support of and in opposition to the [motion for injunctive relief]." *Cal. Rifle & Pistol Ass'n, Inc. v. L.A. Cnty. Sheriff's Dep't*, 745 F. Supp. 3d 1037, 1048 (C.D. Cal. 2024); *see also Johnson v. Couturier*, 572 F.3d 1067, 1083 (9th Cir. 2009). Any evidentiary issues "properly go to weight rather than admissibility." *Am. Hotel & Lodging Ass'n v. City of Los Angeles*, 119 F. Supp. 3d 1177, 1185 (C.D. Cal. 2015).

## DISCUSSION

**A.      Likelihood of Success on the Merits**

Respondents contend that Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(E)(i)-(ii). (Doc. No. 16 at 4.) Congress enacted provisions under section 1226(c) of the Immigration and Nationality Act ("INA") in response to a legislative determination that noncitizens with certain criminal convictions pose elevated risks of danger to their communities. *See Demore v. Kim*, 538 U.S. 510, 513 (2003). Section 1226(c) therefore subjects noncitizens convicted of these enumerated crimes to mandatory detention. *Id.* In January 2025, Congress amended section 1226(c) to subject additional categories of noncitizens who have had interactions with law enforcement to mandatory detention without a bond hearing. Pub. L. No. 119-1, 139 Stat. 3 (2025). Specifically, under 8 U.S.C. § 1226(c)(1)(E), detention is mandatory for any noncitizen who is charged as "inadmissible" as having entered the U.S. without inspection under 8 U.S.C. § 1182(a)(6)(A) and, as relevant here:

> is charged with, is arrested for, [or] is convicted of . . . committing acts which constitute the essential elements of . . . any crime that results in death or serious bodily injury to another person, when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(c)(1)(E)(i)-(ii). Respondents contend that Petitioner's arrest for vehicular manslaughter with gross negligence facially subjects her to mandatory detention under § 1226(c)(1)(E)(ii). (Doc. No. 16 at 4.)

Petitioner does not—and seemingly, cannot—argue that her arrest for vehicular manslaughter with gross negligence does not constitute an event subjecting her to the mandatory detention requirement of section 1226(c)(1)(E)(ii). Indeed, Petitioner does not mention her pending criminal charges or the relevant statute she is detained under in either her petition or motion for temporary restraining order. To the extent that Petitioner argues she is entitled to a bond hearing, Petitioner received one on March 4, 2026. (Doc. No. 16-7 at 1.)

Accordingly, the court finds no grounds upon which to grant the requested relief—as it appears Petitioner is subject to mandatory detainment pursuant to 8 U.S.C. § 1226(c)(1)(E)(i)-(ii) and has received a bond hearing since her re-detainment. Therefore, Petitioner's motion for a temporary restraining order will be denied.

### CONCLUSION

For the reasons explained above,

1. Respondents request for judicial notice (Doc. No. 16 at 1 n.1) is GRANTED;

2. Petitioner Aura Maria Vargas Lezama's motion for a temporary restraining order (Doc. No. 3) is DENIED; and

3. This case is referred to assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   **March 23, 2026**

Dena Coggins
United States District Judge

5