UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AURA MARIA VARGAS LEZAMA (A-246-341-452),<br>Petitioner,<br>v.<br>DEPARTMENT OF HOMELAND SECURITY, et al.,<br>Respondents. | Case No. 1:26-cv-1640 DC CSK<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner Aura Maria Vargas Lezama (A-246-341-452), a native and citizen of Nicaragua, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1] Petitioner was previously detained and released on her own recognizance on March 8, 2023. Following her involvement in a fatal car accident, petitioner was arrested and charged with vehicular manslaughter and driving without a license. On October 8, 2025, immigration authorities arrested and detained petitioner for removal proceedings. This habeas action concerns petitioner's re-detention. For the reasons that follow, the Court recommends that the petition for writ of habeas corpus be denied.

[1] Petitioner filed this action without counsel, but was subsequently appointed counsel. (ECF No. 22.) This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

## I. FACTUAL BACKGROUND[2]

Petitioner is a citizen and native of Nicaragua. (ECF No. 1 at 1.) Petitioner first entered the United States at the border in December 2022. (Id.) Petitioner was "released with I-94 as an alternate to detention as a condition of parole," "due to detention capacity at the Central Processing Center in El Paso." (ECF No. 16-1 at 2-3 (Form I-213).) On March 8, 2023, a warrant for petitioner's arrest and a Notice to Appear was issued to petitioner, placing petitioner in removal proceedings under section 240 of the Immigration and Nationality Act ("INA") (8 U.S.C. § 1229a), which are standard removal proceedings. (ECF No. 16-2 at 2.) In addition, the Notice to Appear does not allege petitioner is an "arriving alien," though the Notice does include a place to designate this information. (Id.) That same day, petitioner was released on her own recognizance, subject to other, unspecified conditions, pursuant to section 236 of the INA (8 U.S.C. § 1226). (Id. at 6.) After her release, petitioner was given a work permit and a social security card. (ECF No. 24 at 3.) Petitioner often worked two or three jobs simultaneously to support her family. (Id.)

On April 27, 2024, petitioner was involved in a car accident that resulted in a fatality. (Id. at 4.) Petitioner was charged with vehicular manslaughter with gross negligence in violation of California Penal Code § 192(c)(1) and driving without a license in violation of California Vehicle Code § 12500(A). (Doc. No. 16-5 at 3.) Petitioner was arrested and initially detained, but she was not cited for driving under the influence or driving at an excessive speed. (ECF No. 24 at 4.) According to petitioner's counsel, as the result of additional evidence and information, petitioner's bond was significantly reduced, and petitioner was released from state custody on July 1, 2024. (Id.)

On October 7, 2025, immigration officials issued an arrest warrant under INA § 287 (8 U.S.C. § 1357) for petitioner. (ECF No. 16-4 at 1.) On October 8, 2025, while at the San Joaquin County courthouse to attend a hearing in her pending state criminal case, petitioner was

[2] Petitioner's pro se habeas petition is verified. (ECF No. 1 at 4.) A court "may treat the allegations of a verified . . . petition [for writ of habeas corpus] as an affidavit." L. v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (citing McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987)).

arrested and detained by ICE agents. (ECF No. 1 at 2.)

On March 3, 2026, an immigration judge denied petitioner's release on bond because: (1) no jurisdiction because petitioner is an applicant for admission, and noted that petitioner could not be a member of the putative Bautista class because petitioner was apprehended at the border; (2) in the alternative, the immigration judge found that petitioner did not establish that she is not a danger to the community, citing her pending gross vehicular manslaughter charges. (ECF No. 16-7 at 1 (citing Maldonado Bautista v. Santacruz, No. 5:25-cv-01873-SSS BFM (C. D. Cal.)).) On March 17, 2026, an immigration judge issued an order of removal for petitioner. According to the government's official Executive Office for Immigration Review Automated Case Information website, petitioner's appeal to the Board of Immigration Appeals ("BIA") was received on April 16, 2026, and is currently pending.[3] See https://acis.eoir.justice.gov/en.

Aside from her 2025 arrest for vehicular manslaughter, petitioner has no criminal history, which respondents do not dispute. (ECF No. 1 at 1; see ECF No. 16.) Petitioner has been in continuous detention since October 8, 2025. (ECF No. 1 at 2.)

## II. PROCEDURAL BACKGROUND

Petitioner filed her pro se habeas petition on February 17, 2026, in the Central District of California. (ECF No. 1.) On February 17, 2026, petitioner filed an emergency motion for immediate release, and an emergency motion to expedite. (ECF Nos. 3, 5.) On February 27, 2026, the case was transferred to the Eastern District of California. (ECF No. 12.) On March 4, 2026, respondents filed an opposition to the motion for injunctive relief, and an answer to the petition. (ECF No. 16.) On March 24, 2026, the district court denied petitioner's motion for a temporary restraining order, concluding that there were no grounds upon which to grant the requested relief because petitioner was subject to mandatory detention pursuant to § 1226(c)(1)(E)(ii) and already received a bond hearing. (ECF No. 17.) The district court

[3] The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites. Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). The Executive Office for Immigration Review ("EOIR") adjudicates immigration cases, and the EOIR Automated Case Information website is an official website of the United States Government. The address of this official website is https://acis.eoir.justice.gov/en/.

referred the matter to the magistrate judge. (ECF No. 17.) On April 7, 2026, petitioner filed a pro se reply. (ECF No. 19.) On April 28, 2026, petitioner's motion for appointment of counsel was granted, petitioner was granted ten days to file a supplemental reply, and respondents were granted seven days thereafter to file a supplemental response. (ECF No. 22.) On May 4, 2026, petitioner was appointed counsel who timely filed a supplemental reply on May 14, 2026. (ECF Nos. 23, 24.) Respondents did not file a supplemental response. (See Docket.) Briefing is now complete.

## III. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## IV. DISCUSSION

In her pro se petition, which is liberally construed, petitioner challenged her arrest and detention on multiple grounds: (1) the warrantless arrest violated her Fourth Amendment rights; (2) her arrest inside the courthouse before she could attend a hearing in her criminal case violated her right to procedural due process; (3) her prolonged and arbitrary detention is unconstitutional and unreasonable; (4) the failure to provide her with an individualized bond hearing violates Ninth Circuit authority; and (5) excessive force and inhumane conditions of confinement in violation of the Eighth Amendment. (ECF No. 1 at 2-3.) Respondents argue that petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(E), a provision enacted under the

Laken Riley Act ("LRA"), based on petitioner's arrest for vehicular manslaughter, and her detention will end when her removal proceedings are terminated. (ECF No. 16 at 4-7.) Respondents argue that petitioner's arrest by immigration officials on October 8, 2025, did not violate the Fourth Amendment because such authorities have the constitutional power to arrest noncitizens who commit crimes in the United States, and, in any event, an administrative arrest warrant for petitioner was issued the day before petitioner was arrested (ECF No. 16-4 at 1). (ECF No. 16 at 7.) Respondents contend petitioner cites no legal authority to support her claim that her arrest inside the courthouse is a violation of due process, and conflicts with the plain language of amendments to the LRA. (Id.) Further, respondents contend petitioner has not been subjected to prolonged detention under Zadvydas, 533 U.S. at 678, because she has not entered the post-removal order period, and even if she were in the post-removal period, her detention has not exceeded the presumptively reasonable six months. (Id.) Regardless, respondents point out that petitioner was afforded a bond hearing on March 3, 2026. (Id.)

In reply, petitioner's counsel first argues that petitioner's re-detention violated due process because despite her prior release under § 1226, petitioner was arbitrarily re-detained without a prior bond hearing before a neutral adjudicator. (ECF No. 24 at 5-8.) Second, counsel argues that the pending state court offense, Cal. Penal Code § 192(c)(1), falls outside the ambit of 8 U.S.C. § 1226(c)(1)(E) because Cal. Penal Code § 192(c)(1) does not require any predicate criminal offense in causing a vehicular death, it is not possible for it to be a "crime that results in death," as required under the LRA; for example, inattentive driving can be the basis for conviction under § 192(c)(1). (Id. at 9-10.) Third, counsel contends that 8 U.S.C. § 1226(c)(1)(E) is unconstitutional because the criminal court determines whether the person charged should remain in custody pending trial, and therefore mandating detention under § 1226(c)(1)(E) for those individuals released from pre-trial detention by the criminal court serves no legitimate purpose and violates procedural and substantive due process rights. (Id. at 10-11.) Fourth, counsel argues that § 1226(c)(1)(E) is unconstitutional as applied to petitioner because she has not been convicted, and the pending charges are a result of a tragic accident, for which there are conflicting accounts that will be addressed at trial, and until she is convicted, petitioner

is presumed innocent. (Id. at 11-14.) Despite being granted an opportunity (ECF No. 22), respondents did not file a supplemental reply. (See Docket.)

**B. Claims Regarding Petitioner's Initial Arrest (Claims One and Two)**

Petitioner's first claim is unavailing because immigration authorities obtained a warrant for her arrest the day before she was arrested and detained her on October 8, 2025, and she was provided with a copy of the arrest warrant on the day of her arrest. (ECF No. 16-2 at 1.) Because petitioner was the subject of a targeted arrest, planned the day before, her claims of "selective enforcement/discriminatory intent" appended as an attachment to her petition and alleging violations of equal protection and discrimination (ECF No. 1 at 5-6) are also unavailing. Immigration officials are permitted to arrest and detain noncitizens when criminal charges are pending. See 8 U.S.C. § 1226(c).

As for her second claim, respondents are correct that petitioner provided no legal authority to support her claim that her arrest inside the courthouse before she could attend a hearing in her criminal case violated her right to due process. Petitioner cited a New York case, but her Westlaw citation appears incorrect.[4] (ECF No. 1 at 6.) Petitioner's counsel did not address this claim in the reply. (See ECF No. 24.) Therefore, petitioner's second claim should be denied because it is not supported by legal authority.

**C. Due Process Claims (Third and Fourth Claims)**

In analyzing petitioner's challenge to her detention, the court "must first identify the statutory provision that purports to confer" authority for her detention. Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008). 8 U.S.C. § 1226(c) "carves out a statutory category of [noncitizens] who may *not* be released under § 1226(a)," mandating detention for an alien apprehended under § 1226 "who falls into one of several enumerated categories involving criminal offenses." Jennings v. Rodriguez, 583 U.S. 281, 289 (2018) (emphasis in original). In January 2025, the LRA amended § 1226(c) to add a new category of noncitizens ineligible for

---

[4] The Westlaw citation 2017 WL 399874 is to 2017 New York Assembly Bill No. 3557, New York Two Hundred Fortieth Legislative Session January 27, 2017, Title: Creates mental illness and chemical dependence initiative. 2017 WL 399874.

release under § 1226(a), including noncitizens deemed "inadmissible" for being "present in the United States without being admitted or paroled," who are "charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person[.]" 8 U.S.C. § 1226(c)(1)(E)(i), (ii).

For purposes of these findings and recommendations, this Court finds that petitioner is detained pursuant to § 1226(c)(1)(E)(i)-(ii) based on her October 2025 arrest and charge for vehicular manslaughter.[5] Pursuant to § 1226(c), "detention is mandatory, and a noncitizen of the United States . . . therefore is not statutorily entitled to a bond hearing." Avilez v. Garland, 69 F.4th 525, 529 (9th Cir. 2023); see 8 U.S.C. § 1226(c)(1); Jennings, 583 U.S. at 303.

This does not end the inquiry, however, because petitioner has raised a due process claim. While the Supreme Court has rejected a facial challenge to mandatory detention under § 1226(c) in Demore v. Kim, 538 U.S. 510, 513 (2003), an as applied challenge is not foreclosed and Justice Kennedy's concurring opinion in Demore specifically noted that "since the Due Process Clause prohibits arbitrary deprivations of liberty, a lawful permanent resident alien such as [Kim] could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified." Id. at 532. In addition, "[t]he Ninth Circuit has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1226(c)." Loba L.M. v. Andrews, et al., No. 1:25-cv-0511 JLT SAB; 2025 WL 2939178, at *4 (E.D. Cal. Oct. 16, 2025), report and recommendation adopted, 2025 WL 3187577 (E.D. Cal. Nov. 14, 2025); see Avilez, 69 F.4th at 538 (declining to determine whether due process requires a bond hearing for noncitizens detained pursuant to § 1226(c)). "Although the Ninth Circuit has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1226(c), the First, Second, and Third Circuits

[5] Petitioner's auto accident resulted in the death of a passenger in a different car. (ECF No. 16-3.) Public records from the San Joaquin County Superior Court website confirm the felony charge. See People v. Vargas Lezama, No. LOD-CR-FE-2024-0004295. https://www.sjcourts.org/search-case-by-party. This Court's record does not reflect the outcome of the 2024 charge for vehicular manslaughter.

have found that 'the Due Process Clause imposes some form of 'reasonableness' limitation upon the duration of detention . . . under [section 1226(c)].'" Loba L.M., 2025 WL 2939178, at *5 (quoting Reid v. Donelan, 17 F.4th 1, 7 (1st Cir. 2021); citing Black v. Decker, 103 F.4th 133, 138 (2d Cir. 2024) ("conclud[ing] that a noncitizen's constitutional right to due process precludes his unreasonably prolonged detention under section 1226(c) without a bond hearing"); German Santos v. Warden Pike Cnty. Corr. Facility, 965 F.3d 203, 209-10 (3d Cir. 2020) (holding that after Demore and Jennings, petitioners detained pursuant to § 1226(c) can still bring as-applied challenges to their detention and that due process affords them a bond hearing once detention becomes unreasonable)). "[E]ssentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, 'will—at some point—violate the right to due process.'" Martinez v. Clark, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019), report and recommendation adopted, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019) (citation omitted); see also Loba L.M., 2025 WL 2939178, at *5. This Court joins other courts that have found that unreasonably prolonged detention pursuant to § 1226(c) without a bond hearing can violate due process. See Keo v. Chestnut, et al., 2026 WL 747117, at *2 (E.D. Cal. Mar. 17, 2026); Loba L.M., 2025 WL 2939178, at *5.

Here, petitioner was provided due process when she was given a custody redetermination hearing. Petitioner's post-deprivation hearing was held on March 3, 2026,[6] which was within the period identified by the Supreme Court in Demore: "the detention at stake under § 1226(c) lasts roughly a month and a half in the vast majority of cases in which it is invoked, and about five months in the minority of cases in which the alien chooses to appeal." Demore, 538 U.S. at 530. At the bond hearing, the immigration judge considered the evidence, despite initially denying petitioner's request for custody redetermination based on no jurisdiction, and alternatively found that:

> [petitioner] has not established that she is not a danger to the community. [Petitioner] has a pending gross vehicular

[6] Petitioner claims that she has no criminal or violent history, and is not a danger or a flight risk. (ECF No. 1 at 3.) In her pro se reply, she reiterates that she is not a danger to society. (ECF No. 19 at 4.)

> manslaughter. She has not presented any evidence diminishing her culpability. The traffic report provides that [petitioner] was responsible for the crash that led to a fatal accident. [Petitioner] did not use the designated turn lane when she turned and collided into another vehicle.

(ECF No. 16-7 at 1.) This decision demonstrates that petitioner received a hearing before a neutral arbiter, an immigration judge, which comports with due process.[7]

In the pro se petition, petitioner failed to acknowledge the pending criminal charges. (ECF No. 1.) In the counseled reply, petitioner's counsel acknowledges the pending charges and the March 3, 2026 hearing by the immigration judge who initially found no jurisdiction, but fails to specifically address the immigration judge's alternative finding of danger to the community. (ECF No. 24 at 4, 15.) Instead, petitioner argues that the state criminal court determined that petitioner was not a flight risk or a danger to the community when they released petitioner on bond on July 1, 2024, where she remained in the community without incident until ICE agents re-detained her on October 8, 2025. (Id. at 4.) Petitioner contends she should receive a bond hearing that puts the burden on the government to demonstrate she is a danger to the community or a flight risk by clear and convincing evidence. (ECF No. 24 at 15-16.) However, the cases relied upon by petitioner's counsel do not involve cases where immigration detainees were subject to mandatory detention under § 1226(c). (Id. at 16.) Moreover, one of the cases cited by petitioner's counsel notes the split of authority in the Ninth Circuit in assigning the burden of proof:

> The Ninth Circuit has declined to require the government to meet a clear and convincing burden of proof to justify continued detention of a noncitizen in the specific context of a second bond hearing under Section 1226(a). Compare Singh v. Holder, 638 F.3d 1196, 1203 (9th Cir. 2011) (holding that "[g]iven the substantial liberty interest at stake" for noncitizens subject to prolonged detention under Section 1226(a), "the government must prove by clear and convincing evidence that [a noncitizen] is a flight risk or a danger to the community to justify denial of bond"); Martinez v. Clark, 124 F.4th 775, 786 (9th Cir. 2024) (in a case involving a petitioner detained

[7] Even if petitioner were found to be detained under § 1226(a), she was provided a post-deprivation hearing. See, e.g., Calvillo v. Chestnut, No. 1:26-cv-0569-DC-CSK, 2026 WL 253627 (E.D. Cal. Jan. 31, 2026) (finding that where ICE asserts a non-pretextual basis to re-detain a noncitizen previously released into the United States, the proper remedy is a post-deprivation bond hearing).

> under Section 1226(c), describing Singh as "offer[ing] the high-water mark of procedural protections required by due process"); with Rodriguez Diaz v. Garland, 53 F.4th 1189, 1201, 1203 (9th Cir. 2022) (noting that "after the Supreme Court's decisions in Jennings and Arteaga-Martinez, it remains undetermined whether the Due Process Clause requires additional bond procedures under any immigration detention statute," and concluding that the Due Process Clause did not entitle the petitioner "to a second bond hearing at which the government bears the burden of proof by clear and convincing evidence").

Balwan v. Bondi, No. 2:26-CV-00248-LK, 2026 WL 497098, at *9 (W.D. Wash. Feb. 23, 2026) (emphasis added).[8] Petitioner's counsel did not address Rodriguez Diaz, 53 F.4th 1189. (See ECF No. 24.)

As argued by respondents, there is no bright line rule that detention beyond six months is constitutionally impermissible. Jennings, 583 U.S. at 305-06; Gonzalez v. Bonnar, No. 18-cv-5321 JSC, 2019 WL 330906, at *2 (N.D. Cal. Jan. 26, 2019). In Rodriguez Diaz, the petitioner received a § 1226(a) bond hearing about two months into detention, was denied release, and remained detained for approximately fourteen more months without another hearing. See id. at 1194-95. Applying the framework of Mathews v. Eldridge, 424 U.S. 319 (1976), the Ninth Circuit held that due process did not require a second hearing with the Government bearing the burden of proof. See Rodriguez Diaz, 53 F.4th at 1206-13. The court emphasized the individualized hearing already provided, the right to appeal, and the ability to request redetermination based on materially changed circumstances. See id. at 1207-11. Furthermore, the court held that "duration alone" did not establish a due process violation. See id. at 1212 (quoting Borbot v. Warden Hudson Cnty. Corr. Facility, 906 F.3d 274, 277 (3d Cir. 2018)); see also Prieto-Romero, 534 F.3d at 1063 (denying relief to a non-citizen detained three years under

---

[8] In Jennings, 583 U.S. at 296, 304, 306, the Supreme Court reversed Rodriguez v. Robbins, 804 F.3d 1060 (9th Cir. 2015), and remanded the case to the Ninth Circuit. Jennings, 583 U.S. at 312. The Supreme Court held that the Ninth Circuit erred in finding that § 1226(c) statutorily required a bond hearing, but did not address whether due process required such a hearing, and if so, what procedures were sufficient to satisfy due process. Id.; see Rodriguez Diaz, 53 F.4th at 1200 ("The Supreme Court in Jennings did not reach the alleged unconstitutionality of immigration detention absent the procedural requirements we had read into the statute, and instead remanded for consideration of the constitutional question in the first instance. We in turn remanded to the district court, which has not yet issued a decision.") (internal citation omitted).

§ 1226(a)). Thus, the Ninth Circuit held that "§ 1226(a)'s procedures satisfy due process, both facially and as applied to Rodriguez Diaz." Rodriguez Diaz, 53 F.4th at 1213. Petitioner's case is similar to Rodriguez Diaz because petitioner received a post-deprivation bond hearing at which the immigration judge denied bond. Petitioner has been detained a little over six months since the March 2026 bond hearing. As such, this Court cannot find that petitioner's current detention violates due process. Of course, if petitioner's circumstances materially change, petitioner may seek a custody redetermination hearing. Further, if petitioner believes she is unlawfully detained under § 1226(c), she may seek a Joseph hearing where she demonstrates that she is not properly included in a mandatory detention category. See Demore, 538 U.S. at 513 n.3 ("This 'Joseph hearing' is immediately provided to a detainee who claims that he [or she] is not covered by § 1226(c). . . . At the hearing, the detainee may avoid mandatory detention by demonstrating that he [or she] is not an alien, was not convicted of the predicate crime, or that the INS is otherwise substantially unlikely to establish that he [or she] is in fact subject to mandatory detention."); Matter of Joseph, 22 I&N Dec. 799, 799 (BIA 1999).

Overall, this Court recommends that petitioner's due process claims (claims three and four) be denied.

### C. Conditions of Confinement (Fifth Claim)

As a general rule, a claim that challenges the fact or duration of a prisoner's confinement should be addressed by filing a habeas corpus petition, while a claim that challenges the conditions of confinement should be addressed by filing a civil rights action. See Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam). In addition, simply reciting the violation is insufficient to state a claim in any event. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Petitioner's conditions of confinement claim (fifth claim) should also be denied.

## V. MOTION FOR EXPEDITED RELIEF

On February 17, 2026, petitioner filed a motion for expedited relief. (ECF No. 5.) On March 24, 2026, the district court denied petitioner's motion for temporary restraining order.

(ECF No. 17.) This Court issues its findings and recommendations herewith. Therefore, petitioner's motion (ECF No. 5) is denied as moot.

## VI. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for expedited review (ECF No. 5) is denied as moot.

Further, IT IS RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be DENIED.
2. The Clerk of the Court be directed to enter judgment in favor of respondents and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 25, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

1/varg1640.157.2241.imm.den